IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


Danielle S. King, *et al.*        *

        Plaintiffs        *

                  *

    v.        *        CIVIL NO. SKG-11-01482

                  *

Eastern Shore Water, LLC.,
*et al.*        *
        Defendants        *

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM OPINION AND ORDER

### I.   Background

This case was decided on summary judgment by this Court on July 31, 2012.  (ECF No. 35).[1]  On August 3, 2013, a bill of costs in the amount of $4,158.15 was submitted.  (ECF No. 37).  On November 9, 2012, a Bill of Costs in the amount of $3,733.80 was entered.  (ECF No. 41).  On January 31, 2013, the Court issued a Writ of Garnishment to J.C. Penny's which was delivered to plaintiff Latasha Johnson in February 2013.  (ECF No. 65, 1).

On April 8, 2013, Latasha Johnson filed an objection to the Writ of Garnishment.  (ECF No. 64).

---

[1] On August 31, 2012, plaintiffs filed an appeal to the United States Court of Appeals for the Fourth Circuit.  (ECF No. 38).  Plaintiffs' counsel filed a motion to withdraw as attorney for all plaintiffs on September 14, 2012.  (ECF No. 40).  On November 13, 2012, the Fourth Circuit sent plaintiffs a Rule 45 Notice of dismissal, to which there was no response.  On December 3, 2012, the proceeding was dismissed by the Fourth Circuit for failure to prosecute.  (ECF No. 43).

## II.  Discussion

### A. Statute of Limitations

Defendant notes that the Bill of Costs was entered on November 9, 2012, and contends that plaintiff had five days subsequent to this date to file a motion for review.  (ECF No. 65, 2).  Because plaintiff's April 8, 2013 objection was well outside of this window, defendant argues, it is untimely. (Id.).

Under the United States District Court for the District of Maryland's Guidelines for Bills of Costs ("The Guidelines"), an "opposing party must file any memorandum in opposition to any costs within fourteen (14) days of service of the Bill of Costs."  The Guidelines at I(D); see also United States District Court for the District of Maryland, Local Rules, 109.1(c). Alternatively, Rule 54 of the Federal Rules of Civil Procedure states that "[o]n motion served within the next 7 days, the court may review the clerk's action." FED. R. CIV. P. 54(d)(1).

In either case, the Court agrees that plaintiff's objection, filed months after costs were taxed by the clerk, was untimely.  The defendant was not, however, prejudiced by this delay.  As a result, and considering plaintiff's pro se status, the Court opts to consider the motion.  See Mitchell-Tracey v. United Gen. Title Ins. Co., 839 F. Supp. 2d 821, 825 (D. Md. 2012)(A court "may consider untimely objections" under Rule 54);

<u>In re Paoli R.R. Yard PCB Litig.</u>, 221 F.3d 449, 459 (3d Cir. 2000)("[C]ourts may, in their discretion, consider untimely objections [under Rule 54].").

**B. Costs**

In her motion, plaintiff argues that she "was not present at the time of judgment," which the Court assumes to be a reference to the entry of the bill of costs on November 9, 2012. (ECF No. 64, 1). She also notes several perceived deficiencies in her representation throughout the dispute. (<u>Id.</u>). Finally, she notes that she is a single mother of four and does not have sufficient funds to continue with the case, and asks that the "fee . . . be split four ways with Danielle King, Marquito Purnell and Glenda Shockley so I can pay my portion and move on from this." (<u>Id.</u>). In response, defendant argues that under existing law Ms. Johnson is liable for the entire amount of costs. (ECF No. 65, 3).

Rule 54(d)(1), provides in pertinent part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.

Fed. R. Civ. P. 54(d)(1). The Fourth Circuit has determined that the rule "creates the presumption that costs are to be awarded to the prevailing party." <u>Cherry v. Champion Int'l Corp.</u>, 186 F.3d 442, 446 (4th Cir. 1999). A court "has the discretion to

deny an award of costs," however, so long as "good reason" for the denial is articulated. Ellis v. Grant Thornton LLP, 434 Fed. Appx. 232, 235 (4th Cir. 2011). Courts may consider several factors in determining whether a denial of costs is appropriate: (1) misconduct by the prevailing party worthy of a penalty; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided. Cherry, 186 F.3d at 446.

Several district courts in the Fourth Circuit have relied on the Cherry factors to deny a bill of costs. In Levy v. Lexington County, No. 3:03-3093-MBS, 2012 U.S. Dist. LEXIS 180782 (D.S.C. Dec. 20, 2012), the court denied costs because the issues in the case were close, and because plaintiffs, with yearly income of $44,598 and $109,647, but with outstanding debt of $21,000, were of "modest means." Id. at *7. Similarly, in Musick v. Dorel Juvenile Group, Inc., No. 1:11CV00005, 2012 U.S. Dist. LEXIS 17734 (W.D. Va. Feb. 13, 2012), the court noted that the case was relatively close, and that "due to their limited financial resources," plaintiffs were unable to pay costs to defendant. Id. at *4. As a result, costs were not awarded. Id. Finally, in Merritt v. Old Dominion Freight Line, Inc., No. 6:07-CV-00027, 2009 U.S. Dist. LEXIS 41872 (W.D. Va. May 15,

4

2009), the court declined to award costs, primarily because plaintiff "presented substantial evidence of her inability to pay the costs claimed by the Defendant." Id. at *2. Because of her low income, and the fact plaintiff brought her case, which was relatively close, in good faith, the court denied costs. Id. at *2-3.[2]

As to the liability for costs, defendant is correct that the presumption is that liability for costs is joint and several. The Guidelines specify that "where multiple prevailing parties or multiple losing parties are represented by the same counsel, it is assumed that they may be treated as a single party for purposes of taxing costs." The Guidelines at I(E). This rule is generally applied. See Northeast Holdings, L.L.C. v. Town of Riverhead, 244 F.R.D. 166, 168 (E.D.N.Y. 2007)("As a general rule, liability for costs is to be shared jointly and severally when there are multiple parties on the losing side.")(citing cases).

---

[2] These decisions are generally in accord with authorities outside of the Fourth Circuit. See, e.g., Paoli, 221 F.3d at 464 ("[W]e hold that if a losing party is indigent or unable to pay the full measure of costs, a district court may, but need not automatically, exempt the losing party from paying costs."); Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000)(" We hold that a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)."); McGill v. Faulkner, 18 F.3d 456, 459 (7th Cir. 1994)( "[T]he inability to pay is a proper factor to be considered in granting or denying taxable costs and the presumption that costs are to be awarded to the prevailing party may be overcome by a showing of indigency.")(internal citations and quotations omitted).

Courts have some discretion, however, over allocating costs as is deemed appropriate.  See 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, Federal Practice and Procedure § 2668 (1998) (discussing discretionary character of Federal Rule of Civil Procedure 54 and power of courts to apportion costs).  The Third Circuit has held that "a district court, in exercising its equitable discretion, may apportion costs between the prevailing and non-prevailing parties as it sees fit."  In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 469 (3d Cir. 2000); see also Georgia Asso. of Retarded Citizens v. McDaniel, 855 F.2d 794, 800 (11th Cir. 1988)("If equitable considerations militate[] against an award of costs vis-à-vis either losing party, they [are] due to be addressed through the district court's discretionary power to deny or apportion costs.").  This discretion includes the ability to apportion costs between plaintiffs: in Blevins v. Heilig-Meyers Corp., 184 F.R.D. 663, 669 (M.D. Ala. 1999), the court found that because one plaintiff had fewer financial resources than another, and had brought fewer claims, she should only pay 30% of the costs.  Id.

It is clear here that the majority of the Cherry factors weigh in defendant's favor.  There was no misconduct on its part; the costs of $3,733.80 are not excessive; its victory was not of limited value; and the issues in the case were not particularly close.

6

Plaintiff has, however, made a clear showing that she is of modest means. She has submitted a financial affidavit to the Court demonstrating that she earns $25,200 a year after taxes, which she uses to support four dependent children. (ECF No. 72, 1). The costs due in this case therefore constitute approximately 15% of her already low annual income. As such, the Court finds that, considering her financial situation, she is unable to pay the full costs taxed by the clerk.

As the majority of the <u>Cherry</u> factors weigh on the side of defendant, however, this is not an appropriate case in which to deny costs altogether. As such, the Court finds that the most equitable solution is a division of costs equally between plaintiffs. Each plaintiff shall be liable for $933.45, or one quarter of costs. Plaintiff has indicated that this amount is within her means, and the remedy also preserves defendant's full entitlement to costs.

### Conclusion

For the reasons set forth above, the Court orders that costs be apportioned equally between the four plaintiffs, Danielle S. King, Latasha Johnson, Marquito Purnell, and Linda Turner. Each plaintiff shall be liable for $933.45, or one quarter of costs.

Date: __8/22/13_____            _____/s/_____

                                   Susan K. Gauvey
                                   United States Magistrate Judge